UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DENA MARIE COOK,
an individual,

      Plaintiff,

v.

RESIDENT VERIFY, LLC,
a limited liability company,

      Defendant.
_____/

Case No.:

## COMPLAINT

**COMES NOW**, Plaintiff, DENA MARIE COOK (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, RESIDENT VERIFY, LLC (hereinafter, "Defendant"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1.  This is an action brought by an individual consumer for damages for Defendant's violations the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Defendant improperly credit-reported erroneous and fictitious information belonging to an unrelated third-party on Plaintiff's personal consumer credit reports and credit file as maintained by Defendant.

### JURISDICTION, VENUE, AND PARTIES

2.  Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

1

3. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District, and the events described herein occur in this District.

4. Venue is proper in this District as the acts and transactions described herein occur in this District.

5. At all material times herein, Plaintiff is a natural person residing in Alachua County, Florida.

6. At all material times herein, Resident Verify LLC is a limited liability company existing under the laws of the state of Utah with its principal place of business located at 4205 N Chapel Ridge Rd, Lehi, UT 84043-4171.

## FCRA STATUTORY STRUCTURE

7. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

8. The FCRA limits access to a consumer's credit report for certain limited permissible purposes. *See* 15 United States Code, Section 1681b(a).

9. Under the FCRA, a person shall not use or obtain a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under the FCRA, and the purpose is

certified in accordance with the FCRA, Section 1681e. *See* 15 United States Code, Section 1681b(f).

10. Additionally, under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

11. Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

12. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## **GENERAL ALLEGATIONS**

13. At all material times herein, Plaintiff is a "consumer" as defined by 15 United States Code, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

14. At all material times herein, Defendant is a "person" as defined by 15 United States Code, Section 1681a(b).

15. At all material times herein, Defendant is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

16. Defendant disburses such consumer reports to third parties under contract in return for monetary compensation.

17. At all material times herein, Defendant acts themselves or through their respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

18. All necessary conditions precedent to the filing of this action occurred, or Defendant voluntarily waived the same.

## FACTUAL ALLEGATIONS

19. During or prior to November 2024, Plaintiff applied for a residential lease with the The Polos.

20. On or about November 4, 2024, Plaintiff received an email from the leasing office for The Polos, denying her application due to criminal, credit, and income based information obtained during the tenant screening process.

21. More specifically, the tenant screening process, facilitated by a report

generated by Defendant, purportedly revealed that Plaintiff had numerous criminal charges in the state of Virginia, including possession of fentanyl and child cruelty charges.

22. To be clear, Plaintiff has never lived in Virginia and has never been arrested in Virginia.

23. In fact, Plaintiff has no criminal history.

24. Plaintiff is employed by Collier Companies, the leasing management company that services The Polos.

25. Plaintiff's lease application denial due to the erroneous and fictitious background information necessarily reached Collier Companies as both the party receiving the application and as Plaintiff's employer.

26. Based upon the receipt of such information, Plaintiff was suspended from work during the pendency of an internal investigation.

27. Plaintiff disputed the erroneous and fictitious information directly to Defendant via email and included proof of the incorrect information.

28. More specifically, Plaintiff found the criminal records for the unrelated party in Virginia bearing the same name as Plaintiff.

29. Notably, Plaintiff is a black female and the individual whose criminal history appeared on Plaintiff's tenant screening report is a white female.

30. Through the dispute process with Defendant's employees, representatives, and/or agents, Plaintiff learned that the erroneous and fictitious

5

criminal history bore none of Plaintiff's personal information and instead belonged to an unrelated third party with a similar name as Plaintiff and a similar birth month and date but no other common personal information.

31. In response to Plaintiff's Dispute, Defendant removed the erroneous and fictitious information from Plaintiff's report.

## **DAMAGES**

32. Defendant's conduct constitutes a knowing and willful decision to report erroneous information related to an unknown third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information—including erroneous criminal history—unequivocally indicates that such personal information resulted from a mixed credit file with another person and should not be reported on Plaintiff's credit reports.

33. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

34. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

35. As a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that

despite never developing a criminal record, Plaintiff must simply endure Defendant's reporting of the charges.

36. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied residency and employment as a result of the erroneous and incorrect reporting of the criminal history, and this did indeed take place.

37. Plaintiff suffered additional actual damages in the form of damage to her reputation and fear that criminal information that does not belong to Plaintiff could appear or reappear as a result of Defendant's conduct.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

38. Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the Defendant's screening reports and Defendant's files published and maintained concerning Plaintiff.

39. Defendant willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the erroneous criminal history.

40. Specifically, Defendant reported multiple erroneous criminal charges,

including possession of fentanyl and child cruelty, belonging to an unrelated third party in Virginia.

41. Such reporting is false and evidences Defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's screening reports and file.

42. Defendant's conduct constitutes a knowing and willful decision to report erroneous information related to an unknown third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information unequivocally indicates a mixed credit file between Plaintiff and a third-party, clearly demonstrating that such information should not have been reported on Plaintiff's credit reports.

43. Defendant's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

44. Defendant's violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct,

Plaintiff respectfully requests an entry of:

    a.    Judgment against Defendant for maximum statutory damages for violations of the FCRA;

    b.    Actual damages in an amount to be determined at trial;

    c.    Compensatory damages in an amount to be determined at trial;

    d.    Punitive damages in an amount to be determined at trial;

    e.    An award of attorney's fees and costs; and

    f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

    Respectfully submitted,

    **SWIFT LAW, PLLC**

    */s/ Jon P. Dubbeld*
    **Aaron M. Swift, Esq., FBN 0093088**
    **Jordan T. Isringhaus, Esq., FBN 0091487**
    **Jon P. Dubbeld, Esq., FBN 105869**
    **Sean E. McEleney, Esq., FBN 125561**
    11300 4th St. N., Ste. 260
    St. Petersburg, FL 33716
    Phone: (727) 755-3676
    Fax: (727) 255-5332
    aswift@swift-law.com
    jisringhaus@swift-law.com

jdubbeld@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*